UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TONYA BLAINE<br><br>　　　　Plaintiff,<br><br>　-v-<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>　　　　Defendant. | CASE NO.: 2:20-cv-02007<br><br>JUDGE:<br><br>**<u>COMPLAINT</u>**<br>J<small>URY</small> T<small>RIAL</small> D<small>EMANDED</small> |

Plaintiff, Tonya Blaine, ("Plaintiff" or "Ms. Blaine"), by and through her attorneys, Consumer Law Partners, LLC, and for her Complaint against Diversified Consultants, Inc. ("Defendant" or "Diversified"), states as follows:

### N<small>ATURE OF THE</small> A<small>CTION</small>

1.　Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") based on Defendant's unlawful collection practices as described herein.

### J<small>URISDICTION AND</small> V<small>ENUE</small>

2.　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Southern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Illinois.

**PARTIES**

4. Plaintiff is a natural adult person who resides in Rantoul, Illinois, which lies within the Central District of Illinois.

5. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant, is a corporation formed in the state of Florida.

7. Defendant is in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. On December 11, 2019, Ms. Blaine checked her credit report and learned that an obligation was purportedly placed with Defendant for collection (the "Subject Debt"). Relevant Pages of Plaintiff's TransUnion credit report is attached hereto as Exhibit A.

11. The Subject Debt is an obligation or alleged obligation of a consumer arising out of a transaction incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On December 20, 2019, Ms. Blaine placed a telephone call to Diversified to obtain the account number for the Subject Debt.

13. During said telephone call, Ms. Blaine spoke with an employee/representative of Diversified (the "Representative").

14. The Representative provided Ms. Blaine with the account number and informed Ms. Blaine that the last payment on the Subject Debt was made in 2014.

15. The Representative also asked Ms. Blaine to make a payment on the Subject Debt.

16. As of December 20, 2019, the date Ms. Blaine placed the telephone call to the Defendant, the Subject Debt was time-barred, *i.e.*, it fell outside the applicable statute of limitations period.

17. At no time during said telephone call did Defendant or the Representative inform Ms. Blaine that the Subject Debt was unenforceable by operation of the statute of limitations.

18. At no time during said telephone call did Defendant or the Representative inform Ms. Blaine that they could not file a collection lawsuit to enforce the Subject Debt.

19. At no time during said telephone call did Defendant or the Representative inform Ms. Blaine that making a payment on the Subject Debt could remove, waive or restart the statute of limitations.

20. Thereafter, Ms. Blaine opened Defendant's website (the "Portal"). A copy of the Portal is attached hereto as Exhibit B.

21. The Portal is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendant attempted to collect payment of the Subject Debt from Ms. Blaine on the Portal. *See* Exhibit B.

23. The Portal failed to advise Ms. Blaine that the Subject Debt is unenforceable by operation of the statute of limitations.

24. The Portal failed to advise Ms. Blaine that it cannot file a collection lawsuit to enforce the Subject Debt.

25. The Portal failed to advise Ms. Blaine that making a partial payment or even acknowledging the Subject Debt could remove, waive or restart the statute of limitations.

26. On information and belief, all actions by Defendant as defined in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### **DAMAGES**

27. Plaintiff has been misled and harassed by Defendant's actions.

28. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Subject Debt.

29. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

30. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

31. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Subject Debt.

32. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm her with knowledge that its actions would very likely harm her, and/or with knowledge that its actions were taken in violation of the law.

33. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692d, e, e(2)(A) and f

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint as though fully restated herein.

35. The FDCPA states, in relevant part:

> A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt. 15 U.S.C. §§ 1692e and e(2)(A).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

36. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), d and f during the December 20, 2019 telephone call with the Representative and on the Portal by attempting to collect the Subject Debt without providing a disclosure of information to Plaintiff regarding: (i.) the time-barred status of the Subject Debt, (ii.) that it cannot file a collection lawsuit, and (iii.) the potential legal consequences of making a payment or merely acknowledging the validity of the Subject Debt.

37. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, accurate and complete, especially when time-barred debt is involved.

38. Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tonya Blaine, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 14th day of January, 2020.         Respectfully Submitted,

*/s/ Samuel L. Eirinberg*
Samuel L. Eirinberg #6328842
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
sam.e@consumerlawpartners.com

*Counsel for Plaintiff*

**JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

*/s/ Samuel L. Eirinberg*
Samuel L. Eirinberg #6328842
CONSUMER LAW PARTNERS, LLC

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF CHAMPAIGN)

Pursuant to 28 U.S.C. § 1746, Plaintiff, Tonya Blaine, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____1/3/2020____

__*Tonya Blaine*__ (DocuSigned by: 09F62A6021354F6...)
Signature